UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| CHRISTINE L. LYON | * | CASE NO. |
| | * | |
| versus | * | |
| | * | JUDGE |
| BEST BUY CO. INC., BEST BUY STORES, L.P | * | |
| BBP PARTNERS LLC and VICTOR BOOKER, III | * | |
| | * | MAGISTRATE |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## NOTICE OF REMOVAL

**NOW INTO COURT**, through undersigned counsel comes defendants, Best Buy Co., Inc., incorrectly referred to as Best Buy Stores, L.P., Best Buy Stores, L.P., BBP Partners, L.L.P. (hereinafter "Best Buy") and Victor Booker, III (collectively "Defendants"), who hereby request this Honorable Court to remove that certain matter styled, *"Christine L. Lyon vs. Best Buy Co. Inc., Best Buy Stores, L.P., BBP Partners LLC, and Victor Booker, III"* pending in the 19th Judicial District Court, Parish of East Baton Rouge, State of Louisiana, Suit No. C-722606, Section 23 (hereinafter sometimes referred to as the "state court proceeding"), to the United States District Court for the Middle District of Louisiana, on the following grounds, to-wit:

1.

On or about August 23, 2022 plaintiff filed a petition for damages against all Defendants alleging that she received personal injuries as a result of falling merchandise striking her on or about October 30, 2021 at a Best Buy Store location in Baton Rouge, Louisiana.

1

2.

In the petition plaintiff alleged that she is a resident of and is domiciled in the Parish of East Baton Rouge, State of Louisiana. Therefore, plaintiff is a citizen of the State of Louisiana.

3.

Defendant Best Buy Co., Inc. is a foreign corporation organized under the laws of the State of Minnesota with its principal place of business and domicile as being in Minnesota. Best Buy Co., Inc. is therefore a citizen of the state of MN. It was improperly served with a copy of the Plaintiff's Petition for Damages via Long Arm Statute on September 8, 2022.

4.

Defendant Best Buy Stores, L.P., is a Virginia limited partnership with its principal place of business located in the State of Minnesota. It has two partners: BBC Property Co., and BBC Investment Co. BBC Property Co. is a corporation organized under the laws of the State of Minnesota with its principal place of business located in the State of Minnesota. BBC Investment Company is a corporation formed under the laws of the State of Nevada with its principal place of business located in the State of Minnesota. Therefore, Best Buy Stores, L.P. is a citizen of and domiciled in the States of Virginia, Minnesota and Nevada. It was served with the Petition for Damages through its registered agent for service of process on September 7, 2022.

5.

Defendant BBP Partners, LLC is a limited liability company organized under the laws of the State of Kentucky. It has twelve members who include the following:

- Grow24-7 LLC which is a single member limited liability company formed under the laws of the State of Kentucky with its principal place of business being listed in Kentucky. Its sole member is Pradipkumar Patel who resides in and is domiciled in the State of Kentucky;
- Mirza Salkovic who is a resident of and domiciled in the State of Kentucky;
- Chandresh Patel who is a resident of and domiciled in the State of Tennessee;
- Sachin Patel who is a resident of and domiciled in the State of Kentucky;
- Janak Patel who is a resident of and domiciled in the State of Tennessee;
- Jayeshkumar Patel who is a resident of and domiciled in the State of Indiana;
- Dilipkumar Patel who is a resident of and domiciled in the State of Kentucky;
- Kaushik Patel who is a resident of and domiciled in the State of Kentucky;
- Pravin Patel who is a resident of and domiciled in the State of Ohio;
- Ajay Suthar who is a resident of and domiciled in the State of Kentucky;
- Mehul Suthar who is a resident of and domiciled in the State of Kentucky; and
- Kanubhai Suthar who is a resident of and domiciled in the State of North Carolina.

Therefore BBP Partners, LLC is a resident and domiciliary of the States of Kentucky, Tennessee, Indiana, Ohio, and North Carolina.

6.

The petition also named as a defendant Victor Booker, III in his capacity as a managerial employee, alleged General Manager, of the Best Buy store where the incident occurred. Victor

Booker, III is a resident of and is domiciled in the Parish of East Baton Rouge, State of Louisiana. Therefore, Victor Booker, III is a citizen of the State of Louisiana. However, plaintiff has no arguable claim under Louisiana Law for recovery against Victor Booker, III, and has joined him as a defendant in this matter for the sole reason to defeat diversity jurisdiction and keep this matter in state court.

7.

Because plaintiff has no arguable or reasonable basis on which to state a cause of action against defendant Victor Booker, III, or any other local employee, the joining of this defendant and any alleged lack of diversity caused by his presence does not bar removal to this court.

8.

Plaintiff and the only properly joined defendants, Best Buy Co., Inc., Best Buy Stores, L.P. and BBP Partners, LLC are citizens of different states.

1. **REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. § 1332.**

9.

28 U.S.C. § 1332 provides Federal District courts with concurrent original jurisdiction in cases "where the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between- citizens of different States."

### A.     THE AMOUNT IN CONTROVERSY EXCEEDS $75,000.00.

10.

The petition for damages in the state court proceeding did not expressly set out a specific amount of damages the plaintiff was seeking, i.e., the amount in controversy.  The petition only made generic allegations of Christine Lyon's damages. The Petition provides in paragraph VII that Plaintiff suffered "severe injuries to the structure, tissue, and muscles of her body which include, but are not limited to head, neck, back, and all other injuries that should be shown at the time of this trial, including any conditions disclosed in medical reports."

In addition, in paragraph VIII she generally alleges areas of damages to which she claims entitlement to recover such as past, present and future:  physical pain and suffering; mental pain, anguish and suffering; medical expenses; loss of earning capacity; permanent disability to the musculature, ligaments and bones of the body and permanent scarring and disfigurement; and general damages cognizable by the laws of Louisiana.

11.

The allegations of the state court petition were not such that it was readily ascertainable that the action was removable at the time of its filing. As a result, Defendants propounded written discovery to the Plaintiff seeking specific information as to the injuries and/or damages allegedly sustained by her at the time of the incident in question. The responses to the written discovery were sent out by Plaintiff to Defendants on January 13, 2023 and were also insufficient to apprise Defendants of the true nature and extent of Plaintiffs injuries and/or whether they reached or exceeded the jurisdictional requirement of $75,000.00 exclusive of interest and costs.

12.

Since the allegations of the state court petition were not such that it was readily ascertainable that the action was removable at the time of its filing; and the written discovery responses were also insufficient for this purpose, Plaintiff's deposition was noticed and went forward for/on May 23, 2023.

13.

Since the filing of the petition for damages and receipt of discovery responses, defendants received "other paper(s)" which evidenced that the amount which plaintiff would seek in the state court proceeding, i.e., the amount in controversy, would exceed $75,000.00, exclusive of interest and costs. Defendants are informed and believe that the amount in controversy for the matter exceeds $75,000 exclusive of interest and costs based upon Plaintiff's deposition testimony.

14.

In addition, the state court petition failed to provide a general allegation that the claim was less than the amount necessary to provide for lack of jurisdiction of federal court due to insufficiency of damages under La. C.C.P. art. 893. The state court petition is subject to amendment upon motion of plaintiff at any time, including the ability to assert damages greater than $75,000, exclusive of interest and costs. Defendants are now informed and believe that the amount which plaintiff will seek in the state court proceeding, i.e., the amount in controversy, does exceed $75,000, exclusive of interest and costs, based on plaintiff's deposition testimony.

15.

When Plaintiff was placed under oath and provided testimony at her deposition held on May 23, 2023, she testified, among other things, that in the incident in question, she actually fractured her jaw and ultimately lost some teeth as a result of the "concussion" she received from being struck by a number of large boxed television sets. In addition, she testified she now has severe back and neck pain; and actually fractured a bone in her neck and surgical intervention will be required to alleviate those complaints. She also testified that as a result of the impact in question she no longer can speak well and has memory problems. It was her testimony that these physical problems, among others, were caused by the incident in question. She also testified that she had been offered a job at J.C. Penny's just prior to the incident in question. But now, due to her injuries, she is not capable of working in any capacity, including that of a hair dresser- her former occupation. She testified the injuries she sustained during the Best Buy incident in question have prevented her from being employed in any capacity now and in the future. These allegations are now sufficient to apprise Defendants that the amount she is seeking for compensation in this matter exceeds $75,000 exclusive of interest and costs.

16.

The Fifth Circuit has explained that for purposes of establishing removal jurisdiction, a defendant may demonstrate that the amount in controversy exceeds $75,000 "in either of two ways: (1) by demonstrating that it is 'facially apparent' from the petition that the claim likely exceeds $75,000 or (2) 'by setting forth the facts in controversy-preferably in the removal petition, but sometimes by affidavit-that supports a finding of the requisite amount.'" *Grant v.*

*Chervon Phillips Chemical Co.*, 309 F.3d 864, 868 (5th Cir. 2002) (emphasis in original) (quoting *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995)). Here, it was not facially apparent from the petition or the written discovery responses that the claim likely exceeded $75,000. However, since the filing of the petition, and within the last 30 days, defendants have obtained plaintiff's sworn deposition testimony which indicates that the amount in controversy will exceed $75,000. Plaintiff's deposition testimony constitute "other papers" from when it first may be ascertained that the above captioned matter is removable.

While defendants admit no liability, nor any element of damages, they met their burden of showing that the amount in controversy for Christine Lyon's claims are in excess of SEVENTY-FIVE THOUSAND AND NO/100 ($75,000.00) DOLLARS, exclusive of interest and costs and may be properly removed to the United States District Court for the Middle District of Louisiana. The deposition testimony of Christine Lyon on May 23, 2023, clearly provided for the first time in this litigation plaintiff's alleged damages exceed the jurisdictional amount required for removal.

B. **COMPLETE DIVERSITY**

17.

Defendant Best Buy Stores, L.P. is a Virginia limited partnership with its registered office and principal place of business located in Richfield, MN. Its two partners are domiciled in Nevada and Minnesota. For this reason, it is a resident of and domiciliary of the states of Virginia, Minnesota, and Nevada.

18.

Defendant Best Buy Co., Inc. is a resident of and domiciliary of the state of Minnesota.

19.

Defendant BBP Partners, LLC is a limited liability company organized under the laws of the State of Kentucky with its principal place of business being listed as Kentucky. In addition, its Members reside in the states of Kentucky, Tennessee, Indiana, Ohio and North Carolina. For this reason, it is a resident of and domiciliary of said states.

20.

Plaintiff alleges she is a resident of and domiciled in the Parish of East Baton Rouge, State of Louisiana. Therefore, plaintiff is a citizen of the State of Louisiana.

21.

Accordingly, there is complete diversity of citizenship between the plaintiff and the only properly joined defendants to this matter.

22.

Named defendant Victor Booker, III is a resident of and is domiciled in the Parish of East Baton Rouge, Louisiana. Therefore, Victor Booker, III is a citizen of the State of Louisiana. Nevertheless, the allegations against this defendant are that he is liable to plaintiff in his position as a managerial employee of the Best Buy store. [Plaintiff's Petition Paragraph I (D) and VI] No other specific allegations are made against him as to his alleged responsibility for plaintiff's incident. The allegations of fault against this defendant arise from the general administrative responsibilities of his employment. Under Louisiana law, "personal liability cannot be imposed

9

on the officer, agent or employee simply because of his general administrative responsibility for performance of some function of the employment. He must have a personal duty towards the injured plaintiff, breach of which specifically has caused the plaintiff's damages." *See, Canter v. Koehring Company, 283 So.2d 716, 721, reh. den. (La.1973)*. Therefore, plaintiff has no arguable claims against this defendant under state law.

23.

As plaintiff has no arguable claim against defendant Victor Booker, III, plaintiff has joined him as a defendant for the sole reason to defeat diversity jurisdiction and keep this matter in state court. Because plaintiff has no arguable or reasonable basis on which to state a cause of action against him, the joining of defendant Victor Booker was improper and any alleged lack of diversity caused by his presence does not bar removal to this court.

24.

Accordingly, there is complete diversity of citizenship between the plaintiff and the only properly joined defendants, the Best Buy entities.

25.

Therefore, this is a civil action over which the United States District Court for the Middle District of Louisiana has concurrent original jurisdiction under the provisions of 28 U.S.C. § 1332, *et seq.*, as the amount in controversy exceeds SEVENTY-FIVE THOUSAND AND NO/100 ($75,000.00) DOLLARS, exclusive of interest and costs, and complete diversity exists between all adverse properly joined parties.

## II.    DEFENDANTS HAVE SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL

26.

The Best Buy Defendants were served with the Petition for Damages through their respective registered agents for service of process and/or improperly via the Louisiana Long Arm Statute on September 7, 2022, September 13, 2022, and September 19, 2022. Defendant Victor Booker was served with the Petition for Damages on December 16, 2023. It was not readily ascertainable from the petition for damages whether the matter was removable at the time of service upon the Best Buy Defendants and/or Mr. Booker. The original petition only made general allegations of damages without information as to medical expenses, treatment rendered, and/or diagnosed conditions which were significant enough to notify Defendants of the potential extent of Plaintiff's alleged damages. Those generic allegations did not allow for removal at the time of service of same upon any defendant.

27.

Since the filing of the petition for damages defendants received "other paper(s)" which evidence that the amount which plaintiff will seek in the state court proceeding, i.e., the amount in controversy, will exceed $75,000.00, exclusive of interest and costs. The "other papers" received by the defendants consisted of plaintiff's deposition testimony taken on May 23, 2023.

28.

Further, consent to removal from the improperly joined defendant Victor Booker, III was not required. Nonetheless, improperly joined defendant Victor Booker, III consented to the removal.

29.

Jurisdiction is founded in the existence of diversity jurisdiction under 28 U.S.C. § 1332, which grants federal courts concurrent original jurisdiction over claims where the matter in controversy exceeds the sum or value of SEVENTY-FIVE THOUSAND AND NO/100 ($75,000.00) DOLLARS, exclusive of interest and costs, and is between citizens of different states.

30.

The 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, is located within the Middle District of Louisiana pursuant to 28 U.S.C. § 98(a). Therefore, venue is proper in accordance with 28 U.S.C. § 1441(a).

31.

Defendant Best Buy Stores, L.P., qualified to do business in Louisiana as Best Buy Stores, is a Virginia limited partnership with its registered office and principal place of business located in Richfield, MN and its two partners reside in Nevada and Minnesota. Defendant Best Buy Co., Inc. is a corporation organized under the laws of the State of Minnesota with its principal place of business located in the State of Minnesota. Defendant BBP Partners, LLC is a limited liability company organized under the laws of the state of Kentucky with its principal place of business being Kentucky and with its members residing in the states of Kentucky, Tennessee, Indiana, Ohio, and North Carolina. All Best Buy Defendants wish to remove this matter from state court to the United States District Court for the Middle District of Louisiana. Finally, improperly named defendant Victor Booker, III, also wishes to remove the claims which

have been asserted by plaintiff in the state court proceeding to the United States District Court for the Middle District of Louisiana. The claims that plaintiff, Christine Lyon, have asserted in the state court proceeding, excluding the improperly joined claims, are claims between citizens of different states involving more than $75,000, exclusive of interest and costs. The claims which plaintiff, Christine Lyon, have asserted in the state court proceeding, therefore, fall within the jurisdiction of the United States District Court and may properly be removed to the United States District Court for the Middle District of Louisiana. See, 28 U.S.C. § 1332, 28 U.S.C. §§ 1441 & 1446-1451.

32.

Best Buy Co., Inc, Best Buy Stores, L.P., BBP Partners, L.L.C. and Victor Booker, III respectfully request that this Notice of Removal be filed into the record of the United States District Court for the Middle District of Louisiana, confirming removal of that certain matter styled, "Christine L. Lyon vs. Best Buy Co. Inc., Best Buy Stores, L.P., BBP Partners LLC, and Victor Booker, III" from the docket of the 19th Judicial District Court in and for the Parish of East Baton Rouge, State of Louisiana".

33.

Pursuant to 28 U.S.C. § 1446(a), a copy of all pleadings filed in the state court proceeding are attached as exhibits to this Notice of Removal. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon counsel for Christine Lyon, and a copy is being filed with the Clerk of Court for the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana.

34.

The Best Buy Defendants and improperly joined defendant Victor Booker, III are entitled to and hereby request **trial by jury** of all issues herein.

WHEREFORE, Best Buy Co., Inc., Best Buy Stores, L.P. BBP Partners, LLC and Victor Booker, III, hereby pray that this Notice of Removal be filed, and that removal of this action from the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, to the docket of the United States District Court for the Middle District of Louisiana be confirmed, and for trial by jury.

Respectfully Submitted:
**LAWRENCE, CURLIN & ASSOCIATES**
By:    **/s/John S. Lawrence, Jr.**
John S. Lawrence, Jr. (#19678)
David P. Curlin (#20771)
225 St. Ann Drive
Mandeville, Louisiana 70471
Telephone: (985) 674-4446
Fax: (985) 674-445
Email: John@lawrence-knight.com
Attorneys for Defendants

### CERTIFICATE OF SERVICE

I hereby certify that on June 9, 2023, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following: *Marisha H. Fraaza, attorney for plaintiff*.

    **/s/John S. Lawrence, Jr**